UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BAZALEEL CARRILLO, et al.,<br><br>Defendants. | Case No. 1:21-cv-01659-DAD-EPG<br><br><u>SCREENING ORDER</u><br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |
|---|---|

Plaintiff Prince Paul Raymond Williams is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on November 17, 2021. (ECF No. 1). Upon review, the Court concludes that the complaint fails to state any cognizable claims.

Plaintiff now has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Or Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by the assigned district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

1

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

In the title of his complaint, Plaintiff identifies four Defendants: (1) Bazaleel Carrillo; (2) Javier Rivera; (3) Margaret Mims; and (4) Raul Cervantez. (ECF No. 1, p. 1). Plaintiff's complaint is thirty-six pages long (including exhibits) and states that this action is brought pursuant to:

> the 1st, 4th, 5th, 6th, 7th, 8th, and 14th Amendments; and further under 18 U.S.C. § 1503; 18 U.S.C. § 1512; ArtI.S9.C3.1; 25 CFR § 11.448; 18 U.S.C. § 1951; 18 U.S.C. § 1581; 42 U.S.C. § 1994; 15 U.S.C. § 1692; ArtVI.C2.1.l.3; 5 U.S.C. § 3331; Intentional Infliction of Emotional Distress Tort; Negligence Tort; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; and 42 U.S.C. § 1983.

(*Id.* at 3). Subject matter jurisdiction is based on both federal question and diversity of citizenship under 28 U.S.C. §§ 1331, 1332. (*Id.*).

For his factual allegations, Plaintiff states that he began working as a warehouse associate on January 4, 2021. (*Id.* at 4). On February 1, 2021, he received an email with two documents, both labeled "income withholding for support."[1] One document stated that $413 would be withheld per month for current and past due child support and the other $30 per month for past due child support. (*Id.* at 4, 31, 34).

On February 23, 2021, at 8 a.m., Plaintiff made a special appearance to petition the Court for relief in Case No. 11CEFL0l829 *Raenna Johnson v. Prince Paul Raymond Williams* and Case No. 14CEFS0l741 *County of Fresno v. Prince Paul Raymond Williams.* (*Id.* at 4). Commissioner Jennifer Leigh Hamilton called the matters at around 8:30 a.m. (*Id.* at 5). Plaintiff "requested the Court establish either Article I or Article III jurisdiction, and provide its delegation of authority" but his "requests were ignored." (*Id.*). Around 8:35 a.m., "without providing judicial reasoning, Commissioner Hamilton asked Plaintiff to leave the courtroom." (*Id.*). "Plaintiff, exercise[ed] his 1st, 4th, 5th, 6th, 7th, 8th, and 14th Amendment rights secured under the Constitution and laws of the United States, refused, as he was peacefully petitioning the Court regarding two separate alleged accounts of debt owed to the State Disbursement Unit." (*Id.*).

At around 8:40, Defendant Carrillo "attempted to take Plaintiff's phone from his hand." (*Id.*). Defendants Cervantez and Rivera "then entered the courtroom." (*Id.*). "Under color of law," Defendants Carrillo, Cervantez, and Rivera "surrounded and intimidated Plaintiff, forcing him to leave the courthouse." (*Id.*). At around 8:45 a.m. Plaintiff tried to reenter the courthouse, but Defendant Rivera denied him access, stating, "You're done, dude." (*Id.*).

The complaint states the following in connection with Plaintiff's child support obligation:

> Defendants' Program Requirement is enforced by a local Child Support Enforcement [CSE] Agency, not a Court. Defendants' Program Requirement does not contain a signature by a judge of competent jurisdiction. Defendants are sheriffs using intimidation to defraud Plaintiff by enforcement of a Program Requirement, a work-performance contract, through wage garnishments in exchange for his labor as a means of enrichment for the State Disbursement Unit. Plaintiff suffered termination of employment due to providing complaints regarding wage garnishments and possible violations of the statutes or laws, and homelessness as a direct and proximate result of Defendants' actions. Under color of law, Defendants conspired to use intimidation to deprive Plaintiff of privileges,

---

[1] Minor alterations, such as omitting capitalization and correcting misspellings, have been made to Plaintiff's quoted statements without indicating each specific change.

rights, and immunities secured to him under the Constitution and the laws of the United States, including denying Plaintiff access to the Court in his defense.

(*Id.* at 5-6). Plaintiff seeks "to recover compensatory damages, punitive and exemplary damages." (*Id*. at 6). The complaint concludes by listing eighteen counts for relief, each one incorporating by reference all the prior paragraphs. (*See id.* at 27 ("Plaintiff repeats and realleges by reference every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.")). Moreover, almost every count contains a conclusory reference to Defendants violating the respective right alleged without any attempt to explain specifically what each Defendant did to violate the right. (*See id.* at 26 ("Defendants did not exercise reasonable care to prevent an injury of Plaintiff's right to free exercise and enjoyment of liberties afforded to him under the Constitution and did not exercise reasonable care to rescind the Program Requirement, even after Plaintiff's repeated opposition to it.")).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Pleading Standards

As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's complaint violates Rule 8(a). The allegations in the complaint are confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included in the complaint. Although the Federal Rules employ a flexible pleading policy, Plaintiff

must give fair notice to the Defendants and must allege facts that support the elements of the claim plainly and succinctly. *See Tolliver v. County of Sacramento*, No. 2:19-cv-02599-CKD P, 2021 WL 2941565, at *2 (E.D. Cal. July 13, 2021) ("The court is required to liberally construe pro se pleadings, but it is not required to draft those pleadings."). Plaintiff's failings generally fall within three categories: (1) the identity of the defendants and his claims against them; (2) the articulation of the claims; and (3) the needless redundancy in the complaint.

First, it is unclear which defendants Plaintiff intends to name. While he names four individual Defendants (Carrillo, Rivera, Mims, and Cervantez), his allegations appear to indicate that there are more persons he wishes to sue. *See* Fed. R. Civ. P. 10(a) (requiring the complaint to name all the parties in the title). For example, Plaintiff states that "Defendants are sheriffs," (ECF No. 1, p. 5), but also says that "Defendants maintain facilities and business operations in this District," (*id.* at 3), and includes allegations against "management-level employees" (*id.* at 23) in his causes of action. Moreover, Plaintiff fails to identify what each Defendant specifically did in violating his rights. For example, in his second claim, which alleges a Fourth Amendment violation, Plaintiff states that "Defendants did not exercise reasonable care to prevent seizing Plaintiff's papers without a warrant supported by proper judicial affirmation and did not exercise reasonable care to rescind the Program Requirement, even after Plaintiff's repeated opposition to it." (*Id.* at 8). Thus, "Plaintiff's Complaint fails to satisfy the requirements of Rule 8 because it does not put each individual Defendant on notice of . . . [what] the Defendant is liable for, and why." *Altheide v. De Guzman*, 2013 WL 5315571, at *5 (C.D. Cal. Sept. 20, 2013) (prisoner civil-rights action brought under section 1983).

Second, Plaintiff does not sufficiently articulate his claims. The complaint cites a variety of state and federal statutes, constitutional provisions, and state law torts. While Plaintiff separately lists each claim, each offers only a "formulaic recitation" of Plaintiff's proffered cause of action. *Twombly*, 550 U.S. at 555. For example, in his fifth claim, which alleges an Eighth Amendment violation, Plaintiff states the Eighth Amendment prohibits excessive fines and then summarily alleges that "Defendants did not exercise reasonable care to prevent subjecting Plaintiff to excessive fines and did not exercise reasonable care to rescind the Program Requirement, even after Plaintiff's repeated opposition to it." (ECF No. 1, p. 11). Plaintiff,

apparently complaining about his child support obligation, fails to explain how it constitutes "a fine," how it is "excessive" (if it is a fine), and how Defendants are "imposing" the obligation on him.

The requirement of a clear and plain statement of Plaintiff's claims is especially important in this case because this Court does not serve as an appellate court of state court decisions. If Plaintiff wishes to challenge a decision from a state court regarding child support, he must pursue the appropriate procedures in state court (which may be subject to time limitations and other rules).

Third, Plaintiff complaint is needlessly redundant. Plaintiff's complaint is thirty-six pages long (including exhibits) with most of the length stemming from redundancies. Notably, Plaintiff's complaint is an example of a shotgun pleading, repeatedly incorporating all preceding paragraphs by reference—which have been found to violate Rule 8. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("It is true that Paragraph 144 incorporates by reference Paragraphs 1 to 143. However, incorporating literally all 143 preceding paragraphs, without specific reference to either disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual bases of the IIPEA claim." (citing *Weiland*, 792 F.3d at 1321-23)). Additionally, Plaintiff often repeats the same allegations throughout his claims, without any apparent consideration as to whether these allegations are appropriate given the differing legal bases for his claims. For example, Plaintiff repeatedly alleges within his claims that "Deputy Sheriffs and management-level employees knew or should have known, of the Program Requirement, and the abridgment upon Plaintiff's rights in relation thereto," without attempting to tailor this statement to the legal elements of the cause of action at issue. (ECF No. 1, p. 15).

In light of these deficiencies, the Court will grant Plaintiff leave to amend his complaint so that he can state his claims more clearly. If Plaintiff chooses to amend his complaint, he must

1  allege facts and a cause of action that outlines his claims. Simply listing the parties and providing
2  unclear recitations of legal terms and statutory provisions is not sufficient.

### B.     Legal Standards

In the event Plaintiff amends his complaint, the Court provides the following legal standards which may be relevant to his action:

#### 1.     Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

The complaint states that federal question and diversity jurisdiction both exist in this action. As to federal question jurisdiction, although the complaint cites to various federal statutes, it is not clear, for the reasons given above, which, if any, of these references are intended to allege a claim against the named Defendants and what the factual bases of those claims may be. As to

diversity jurisdiction, Plaintiff alleges that he and all Defendants are citizens of California. (ECF No. 1, p. 4). Therefore, there is no diversity of citizenship. If Plaintiff elects to amend his complaint, he must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

    2.    <u>Section 1983</u>

The complaint is brought, in part, under 42 U.S.C. § 1983. (*Id.* at 27). Section 1983, known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### 3. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a

proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights. *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]"). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485); *see, e.g., Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

To the extent Plaintiff is asking this Court to review the child support and wage and garnishment orders issued by the state court, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review and reverse a state court's decision. Accordingly, any claim seeking to reverse the state court orders cannot proceed in this Court.

4.   State Law Claims

Before a person can sue a public entity or public employee for money damages, he or she must first file a claim pursuant to California's Government Claims Act, codified at California Government Code section 810 *et seq.*; *Briggs v. Lawrence*, 230 Cal.App.3d 605, 613; Cal.

10

Gov't.Code §§ 950.2, 950.6. The government claim must be filed or presented not later than six months after the cause of action accrues if it relates to death or for injury to person or to personal property, or not later than one year after accrual for any other cause of action. Cal. Gov't code § 911.2 (a).

A plaintiff asserting a claim that is subject to the CTCA must affirmatively allege in his complaint that he complied with the CTCA's claims presentation procedure or circumstances excusing such compliance. *See Shirk*, 64 Cal. Rptr. 3d at 216; *State of California v. Superior Court (Bodde)*, 13 Cal. Rptr. 3d 534, 541 (2004) (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement"). Compliance "is mandatory and failure to file a claim is fatal to the cause of action." *City of San Jose v. Superior Court*, 115 Cal. Rptr. 797, 802 (1974) (internal citation omitted). The requirement to affirmatively allege facts demonstrating or excusing compliance with the Act's claims presentation requirement applies in federal court. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff is asserting various state law claims, such as negligence, seeking to recover money damages from what appears to be public employees. *See Jack v. Pearson*, No. 1:17-CV-0520 AWI SAB, 2018 WL 1567796, at *3 (E.D. Cal. Mar. 30, 2018) (dismissing negligence claims for failure to allege compliance with the Government Claims Act). If Plaintiff amends his complaint, he should allege facts demonstrating he complied with the Act or was excused from compliance.

## IV.  CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights.

Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's first amended complaint must be no longer than twenty-five pages, including exhibits.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on this complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:21-cv-01659-DAD-EPG; and
3. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **December 10, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

12