UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BAZALEEL CARRILLO, et al.,<br><br>Defendants. | No. 1:21-cv-01659-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF No. 4, 5) |

Plaintiff Prince Paul Raymond Williams is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on November 17, 2021. (ECF No. 1). On December 10, 2021, the Court screened the complaint, concluding that Plaintiff stated no cognizable claims, but provided Plaintiff with options to proceed. (ECF No. 4). However, despite issuing two orders for Plaintiff to make a filing to advance the case, Plaintiff has failed to file anything. (ECF Nos. 4, 5). Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case.

**I.  BACKGROUND**

Plaintiff's complaint brings claims concerning his treatment in connection with court proceedings regarding his child support obligations. (ECF No. 1). In screening the complaint on December 10, 2021, the Court found no cognizable claims and ordered Plaintiff to, within thirty

1

days, file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (ECF No. 4, p. 12). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

After the thirty-day deadline expired, the Court issued a show cause order on January 26, 2022, giving Plaintiff fourteen days to file a response explaining his failure to comply with the Court's order and addressing his intention to prosecute this case. (ECF No. 5). Alternatively, the Court stated it would discharge the show cause order if Plaintiff filed a first amended complaint or notified the Court that he wished to stand on his initial complaint. Plaintiff was warned that "failure to respond to this order as set forth above may result in this Court issuing findings and recommendations to dismiss this case without prejudice for failure to comply with a court order and failure to prosecute this action." (*Id.* at 2). Plaintiff has failed to file anything, and his time to do so has expired.

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a response to the screening order as required by two orders (*see* ECF Nos. 4, 5) and otherwise prosecute this action is delaying the case. Such failure to respond to the orders, or even request an extension of time to do so, indicates that Plaintiff has no intention of pursuing this case. Also notable is that Plaintiff has not filed anything

in this case besides his complaint and application to proceed *in forma pauperis*. (ECF Nos. 1, 2). Allowing this case to proceed further, with minimal activity so far by Plaintiff, and no indication that Plaintiff wishes to prosecute this action further, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal on two occasions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III.   CONCLUSION AND RECOMMENDATIONS

After weighing the factors regarding dismissal, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1.   This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

IT IS SO ORDERED.

Dated: __February 23, 2022__          /s/ Eric P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE